

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00296-CR

**WILLIAM MCKINLEY HAMMOND,**

                                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                    **Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 10-02887-CRF-272

## MEMORANDUM OPINION

The jury convicted William Hammond of the offense of aggravated assault and assessed his punishment at 20 years confinement. We reverse and remand.

In his sole issue on appeal, Hammond argues that the trial court erred by denying him the right to a twelve member jury as afforded by Article V § 13 of the Texas Constitution. After voir dire, a jury of twelve members was chosen to hear the case. Before the jury had been sworn, one of the jurors informed the trial court that he would not be able to serve on the jury. The trial court initially told the juror he would

have to serve, but after a discussion agreed to dismiss the juror. Hammond's trial counsel objected to proceeding with eleven jurors. The remaining eleven jurors were released for the day, but still not sworn. The following day the jury was sworn, and the trial proceeded with eleven jurors.

Article 36.29 (a) of the Texas Code of Criminal Procedure provides:

Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided by Subsection (b), however, after the trial of a felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

TEX. CODE CRIM. PRO. ANN. art. 36.29(a) (West Supp. 2013). The State concedes that Article 36.29(a) is applicable only after the jury is sworn. *Broussard v. State*, 910 S.W.2d 952, 957 (Tex. Crim. App. 1995). The State further concedes that the trial court erred in proceeding with eleven jurors, that the error was harmful, and that the cause should be remanded. We sustain Hammond's sole issue on appeal.

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and Remanded
Opinion delivered and filed May 8, 2014
Do not publish
[CR25]